IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT J. HICKS,

               Petitioner,               OPINION AND ORDER

       v.                                  08-cv-131-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

               Respondent.

---

Petitioner Robert Hicks, an inmate at the Waupun Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his confinement resulting from his January 27, 2005 conviction in the Circuit Court for Rock County for five counts of possessing child pornography. In his first three claims, petitioner contends that he is entitled to federal habeas relief because the trial court erroneously denied his motion to suppress computer evidence without an evidentiary hearing, in violation of his constitutional right to fundamental due process. In a fourth claim, petitioner alleges that he was denied his right to fundamental due process because the trial court erred in allowing witnesses to testify about other acts that he committed.

Before the court is respondent's motion to dismiss on the ground that petitioner has not exhausted his fourth claim and it does not meet an exception to the exhaustion doctrine.

Respondent also asserts that petitioner's exhausted claims should be dismissed because they are precluded by <u>Stone v. Powell</u>, 428 U.S. 465 (1976).  In response, petitioner argues the validity of his exhausted claims but requests that the court stay proceedings on his petition so that he may return to state court to exhaust his fourth claim.  Respondent does not object to a stay.

I find that petitioner has not shown either that he has good cause for not exhausting his fourth claim or that the claim has any potential merit.  Therefore, his motion for a stay is denied.  Because there is no time remaining on petitioner's federal habeas limitations period, he would not be able to exhaust his fourth claim and return to federal court.  Thus, he may proceed only on his exhausted claims in this court.  With respect to those claims, I find that they are precluded by the rule announced in <u>Stone</u>.  Because petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claims in the state courts, he is not entitled to federal habeas relief.  Accordingly, respondent's motion to dismiss is granted.

From the state court opinions and documents attached to the parties' submissions, I find the following facts:

FACTS

Petitioner lived with Frances Arlene Morgan in a residence that belonged to Morgan. Morgan owned a computer that petitioner used.  On April 17, 2002, petitioner and Morgan began arguing about petitioner's use of the computer to access pornography and adult chat rooms.  Petitioner got angry and assaulted Morgan, who called the police.  When the police arrived, Morgan told them about the pornography.  The next day, the police asked Morgan for permission to examine the computer at the crime lab.  She consented to their taking the computer and also gave them floppy disks that belonged to petitioner.   An expert's examination of the computer revealed the digital images used as evidence against petitioner. State v. Hicks, No. 2005 AP 2785-CR (Ct. App. Nov. 22, 2006), at ¶¶ 2-3, dkt. #10, Exh. #1 at 4-5; Oct. 3, 2002 preliminary hearing transcript, dkt. #11, at 99-113.

On October 3, 2002, the circuit court held a preliminary hearing at which Morgan testified.  Among other things, Morgan stated that she and petitioner had separate passwords to log onto everything on the computer except the internet.  Dkt. #11 at 99-113.

On December 10, 2002, petitioner filed a pretrial motion to suppress the images and other evidence obtained from the computer, arguing that Morgan could not consent to a search of his password-protected files.  Dkt. #10, Exh. #2, at 72-73.  The circuit court held a hearing on the motion on January 27, 2003.  When asked by the trial court what evidence he would produce if given the opportunity, petitioner's attorney stated only that he would

3

call Morgan as a witness.  He did not elaborate on what she might say.  The circuit court denied the motion without taking evidence because it concluded that Morgan's consent as the owner of the computer was sufficient to allow a search of all of the data on the hard drive.  Hicks, No. 2005 AP 2785-CR at ¶¶ 2-4; Jan. 27, 2003 motions hearing transcript, dkt. #11, at 114-26.

In 2004, both petitioner and the state filed motions in limine related to the use of "other acts" evidence.  The state proposed to introduce evidence that petitioner lay down in the bed of the six-year-old daughter of an acquaintance, rubbed her back and touched her vagina through her underwear.  The state also proposed to present evidence that petitioner was out of jail on work release when he exposed himself to a female coworker, Susana Rau. The state sought to use this other acts evidence to demonstrate petitioner's intent and the lack of mistake or accident.  Petitioner sought to prevent its use on the ground that it would be unfairly prejudicial.  Dkt. #12 at 166-72.  At a hearing held on January 20, 2005, the circuit court granted the state's motion, finding that the probative value of the evidence was not outweighed by its potential prejudice.  Specifically, the trial court noted that the other acts were sexual in nature and occurred after the alleged conduct in his current case.  The court expressed concern initially about the relevancy of Rau's testimony because it did not involve a child or the internet, but its concerns were alleviated after it learned that petitioner

4

had stated that he imagined being able to shave Rau and take pictures of her to sell over the internet.  Dkt. #12 at 194-99.

The jury trial in petitioner's case commenced on January 26, 2005.  Because Morgan died prior to trial, her preliminary hearing testimony was read into the record before the jury.  Trial transcript, dkt. #11, at 132-43.  Martin Koch, a computer forensic scientist from the Wisconsin Crime Laboratory, testified that he had retrieved five images from unallocated file space on the computer's hard drive and not from any password-protected space or the ten floppy disks.  The five images depicted a young girl engaged in various sexual acts with a male.  Ann Crookshanks testified that on August 19, 2003, she awoke at 5:00 a.m. to find petitioner standing in her six-year-old daughter's doorway.  Crookshanks testified that later that day, her daughter told her that petitioner had been in her bedroom, lying on the bed and pushing up against her.  Crookshanks further stated that her daughter said that petitioner had touched her on her underwear.  Susana Rau, petitioner's former coworker, testified that on October 18, 2002, petitioner stood in front of her in an employee break room with his zipper unzipped and his penis hanging out.  Trial trans., dkt. #12, at 272-74, 282-84, 377-82, 421, 440.

On April 13, 2005, petitioner was sentenced to eight years in prison and 12 years' extended supervision.  Dkt. #1.  In a April 14, 2005 letter to the public defender's office, petitioner's trial attorney wrote that in his opinion, it could be argued on appeal that the

5

trial court erred in admitting the other acts evidence.  Petitioner attached a copy of this letter to his reply brief.  Dkt. #16.

Petitioner appealed his conviction, arguing that the state did not prove that there was proper consent to seize and search his computer files, that he did not receive a full and fair hearing on his motion to suppress because the court denied the motion without permitting either the prosecution or defense to present any evidence and that had he been permitted to present evidence, he would have called Morgan as a witness.  Dkt. #1 at 19-22.

On November 22, 2006, the court of appeals found that the trial court did not err in denying petitioner an evidentiary hearing.  When the trial court asked defendant at the suppression hearing what evidence he would produce if given the opportunity, only that he would call Morgan as a witness.  He did not elaborate on what she might say.  The appellate court found that petitioner had failed to provide the trial court with an evidentiary hypothesis supported by a sufficient statement of facts to warrant the requested relief. Hicks, No. 2005 AP 2785-CR at ¶ 4 (citing State v. Robinson, 146 Wis. 2d 315, 327-28, 431 N.W.2d 165 (1988)), dkt. #10, Exh. #1, at 5.  In the alternative, the appellate court found that any error the trial court may have committed was harmless because none of the images used as evidence against him came from a password-protected area of the computer. The computer expert testified at trial that the images were recovered from the computer operating system or from files deleted by petitioner that were consigned to unallocated

6

common space on the computer.  The court reasoned that because petitioner could not argue that the files were not stored in password-protected areas of the computer, he would have gained nothing from proving that such an area existed or that Morgan did not have the authority to consent to its search.  Hicks, No. 2005 AP 2785-CR at ¶ 5, dkt. #10, Exh. #1 at 6.  The Wisconsin Supreme Court denied the petition for review on March 14, 2007. Dkt. #10, Exh. #1 at 7.

Petitioner did not raise any claim related to the other acts evidence in the Wisconsin Court of Appeals or the Wisconsin Supreme Court.  Dkt. ##1 and 16.

On May 14, 2007, Tim Provis, petitioner's appellate counsel, wrote petitioner to advise him that the one-year limitations period for filing a petition for a writ of habeas corpus in federal court began running on March 14, 2007, when the state supreme court denied review of his case.  Dkt. #16 at 6.

OPINION

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court considered whether a federal district court has discretion to stay a mixed federal habeas petition, that is, a petition containing both exhausted and unexhausted claims, to allow the petitioner to present his unexhausted claims to the state court, and return to federal court for review of his perfected petition.  Taking into account the interplay between the one-year statute of

7

limitations imposed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), and the total exhaustion requirement of Rose v. Lundy, 455 U.S. 509 (1982), the Court ruled that a district court has such discretion in situations in which outright dismissal of a mixed petition could jeopardize the opportunity for any federal review of the unexhausted claims. Rhines, 544 U.S. at 275. The Court cautioned, however, that use of the stay-and-abeyance procedure was a proper exercise of discretion only if it was compatible with the Antiterrorism and Effective Death Penalty Act's objectives of encouraging finality of state court judgments and streamlining federal habeas proceedings by requiring petitioners to first exhaust their claims in state courts. Id. at 277. Stay and abeyance is available only if there was good cause for petitioner's failure to exhaust his claims in state court and the unexhausted claims are not plainly meritless. Id.

Before applying these criteria to petitioner's motion, a few preliminary observations are warranted. First, the necessity of a stay is implicated because petitioner has no time in his one-year limitations period. Petitioner filed his petition for a federal writ of habeas corpus on March 3, 2008, a little more than three months before his limitations period expired on June 13, 2008. 28 U.S.C. § 2244(d)(1)(A). The filing of the petition did not toll petitioner's deadline. Duncan v. Walker, 533 U.S. 167, 180 (2001). It has expired. No postconviction motion that petitioner might file in state court would have any tolling effect. Dolis v. Chambers, 454 F.3d 721, 723 (7th Cir. 2006). Thus, if the instant petition is

dismissed outright rather than placed in abeyance while petitioner exhausts his state court remedies, the consequence will be that defendant will have lost his opportunity for federal review of *all* of his claims, including the claims he has already exhausted.

A.  Motion to Stay

1.  Good cause

Apart from the Supreme Court's suggestion that "a petitioner's reasonable confusion about whether a state filing would be timely" would constitute good cause for him to file in federal court before exhausting his state court remedies, Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), the Court has not identified the circumstances that would constitute "good cause" for a petitioner's failure to exhaust all of his federal claims in state court.  (In Rhines, 554 U.S. 269, the Court was silent on the question.)  Lacking any clear guidance from the Supreme Court, the lower courts have diverged on the meaning of "good cause," with some courts equating it to the external circumstances that must exist in order for a petitioner to show cause to overcome a procedural bar, e.g., Hernandez v. Sullivan, 397 F. Supp. 2d 1205, 1206-07 (C.D. Cal. 2005); Johnson v. Sullivan, 2006 WL 37037, *3 (C.D. Cal. Jan. 4, 2006); Pierce v. Hurley, 2006 WL 143717, *8 (S.D. Ohio Jan. 18, 2006); Carter v. Friel, 2006 WL 208872, *3 (D. Utah Jan. 26, 2006), and others finding that "good cause" requires a lesser showing.  Bryant v. Greiner, 2006 WL 1675938, *5 (S.D.N.Y. June 15,

9

2006); <u>Fernandez v. Artuz</u>, 2006 WL 121943, at *6-7 (S.D.N.Y.  Jan. 18, 2006); <u>Rhines v.</u>

<u>Weber</u>, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand).

 As good cause for his failure to exhaust his state court remedies, petitioner cites the

ineffective assistance of his appellate lawyer, who failed to pursue the claims on direct

appeal.  Without much discussion of the matter, several district courts have found that

alleged ineffective assistance of counsel during postconviction or appellate proceedings did

constitute good cause for failure to exhaust claims in state proceedings.  <u>E.g.</u>, <u>Iscaro v.</u>

<u>Trombley</u>, 2006 WL 1064218, *3 (E.D. Mich. Apr. 21, 2006); <u>Rhines</u>, 408 F. Supp. at 849

(finding ineffective assistance of counsel analogous to "reasonable confusion about whether

a state filing would be timely"); <u>Ramchair v. Conway</u>, 2005 WL 2786975, *16 (E.D.N.Y.,

Oct. 26, 2005); <u>Boyd v. Jones</u>, 2005 WL 2656639, *4 (E.D. Mich. Oct. 14, 2005); <u>Fradiue</u>

<u>v. Pliler</u>, 2005 WL 2204862, *2 (E.D. Cal. Sept. 8, 2005); <u>Martin v. Warren</u>, 2005 WL

2173365, *2 (E.D. Mich. Sept. 2, 2005).  However, at least three district courts have found

that alleged ineffective assistance of counsel during postconviction proceedings does not

constitute good cause.  <u>E.g.</u>, <u>Carter v. Friel</u>, 2006 WL 208872, *3 (D. Utah, Jan. 6, 2006);

<u>Vasquez v. Parrott</u>, 397 F. Supp. 2d 452, 464 (S.D.N.Y., 2005); <u>Hubbert v. Renico</u>, 2005

WL 2173612, *3 (E.D. Mich. Sept. 7, 2005).

 Assuming without deciding that ineffective assistance of counsel could support a

finding of good cause in some instances, I cannot conclude that it supports such a finding

10

in this case.  Even before he filed his direct appeal, petitioner knew of the various claims that he says his appellate lawyer should have raised.  In an April 14, 2005 letter to the public defender's office, petitioner's trial counsel wrote that in his opinion, petitioner could raise on appeal the admissibility of the other acts evidence.  However, petitioner has not attempted to file a petition for a writ of habeas corpus or a postconviction motion in the Wisconsin courts raising his claims of ineffective assistance of counsel.  State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 683-84, 556 N.W.2d 136, 140 (Ct. App. 1996) (petition for writ of habeas corpus to court of appeals is vehicle for presenting claims of ineffective assistance of appellate counsel, while postconviction motion in trial court under Wis. Stat. § 974.06 is vehicle for presenting claim that lawyer erred by failing to preserve issues for appeal that required filing of postconviction motion).  Accordingly, appellate counsel cannot be blamed for petitioner's failure to pursue his state court remedies for more than two years.


2.  Potential merit of unexhausted claim

Even if petitioner could show good cause for his failure to exhaust his state court remedies, I would deny his motion for a stay because his unexhausted claim has no merit. Rhines, 544 U.S. at 278.  For similar reasons, the claim does not rise to the level of a constitutional violation.  28 U.S.C. § 2254(a); see also 28 U.S.C. 2254(b)(2) (writ of habeas

corpus may be denied on merits, notwithstanding applicant's failure to exhaust remedies available in state courts).

Petitioner alleges that the trial court erred in allowing witnesses to testify about other acts that he committed.  As a rule, evidentiary rulings of state trial courts are normally not subject to federal habeas review, but petitioner has a cognizable claim if he can establish that the incorrect evidentiary ruling was so prejudicial that it violated his due process right to a fundamentally fair trial, creating the likelihood that an innocent person was convicted. Anderson v. Sternes, 243 F.3d 1049, 1054 (7th Cir. 2001); Dressler v. McCaughtry, 238 F.3d 908, 914 (7th Cir. 2001); Thompkins v. Cohen, 965 F.2d 330, 333 (7th Cir. 1992); United States ex rel. Bibbs v. Twomey, 506 F.2d 1220, 1223 (7th Cir. 1974).  Petitioner cannot make this showing.

The testimony of Crookshanks and Rau was introduced to help establish petitioner's intent and the lack of mistake or accident.  At the hearing, the trial court found that because the other acts were sexual in nature and occurred after the alleged conduct in his current case, their probative value was not outweighed by any potential prejudice.  The court initially expressed concern about the relevancy of Rau's testimony because it did not involve a child or the internet.  However, after learning that petitioner had stated that he imagined being able to shave her and take pictures of her to sell over the internet, the court found that the probative value of Rau's testimony outweighed any potential prejudice to petitioner.

12

The trial court's finding was reasonable.  Even if the probative value of petitioner's other acts was questionable, the admission of the evidence did not violate petitioner's due process rights.  There is little likelihood that petitioner would not have been found guilty of possessing child pornography had the other acts evidence not been admitted at trial.  Five images depicting a young girl engaged in various sexual acts with a male were recovered from unallocated file space on the hard drive of the computer that petitioner used.  Morgan testified that the images belonged to petitioner and that she regularly observed him viewing pornography and participating in adult chat rooms.  The absence of Crookshank's or Rau's testimony would not have cast doubt on either the physical evidence or Morgan's testimony.  Because petitioner's underlying claim has little merit, he would not be able to succeed on a claim that his appellate lawyer was ineffective for failing to raise that claim.

In summary, petitioner has failed to show either that good cause exists for his failure to exhaust his claim in state court or that the claim has any potential merit.  Accordingly, his motion for a stay is denied.  However, as previously noted, petitioner's limitations period for filing a federal habeas corpus action has expired.  Any postconviction motion that he might be able to file in state court would have no tolling effect on the federal statute of limitations.  Dolis, 454 F.3d at 723.  Therefore, petitioner's only opportunity for federal habeas relief is to proceed solely on his exhausted claims.  Given this fact, I will construe

13

petitioner's motion as including a request to dismiss his unexhausted claim in the event that the stay is denied.  I turn now to the remaining claims in the petition.

## C.  <u>Fourth Amendment Claims</u>

Under <u>Stone v. Powell</u>, 428 U.S. 465 at 493-95 (1976), federal courts cannot consider Fourth Amendment claims on habeas corpus review in cases in which the state allowed petitioner a full and fair opportunity to litigate those claims.  Therefore, petitioner may not assert a claim that the trial court erroneously denied his suppression motion.  <u>Id.</u> (exclusionary rule is social device for deterring official wrongdoing, not personal right of defendants).  However, he may contend, as he does in his petition, that he was denied a full and fair opportunity to litigate his Fourth Amendment claim in state court.

A defendant receives a full and fair opportunity to litigate if

> (1) he has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his fourth amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and (3) applied the proper constitutional case law to the facts.

<u>Hampton v. Wyant</u>, 296 F.3d 560, 563 (7th Cir. 2002).  Under these criteria, "full and fair" means the right to *present* the Fourth Amendment claim.  So long as the state court gives a claim adequate and unbiased consideration, it is irrelevant whether the court ultimately reaches the correct decision.  <u>Cabrera v. Hinsley</u>, 324 F.3d 527, 531-32 (7th Cir. 2003).

14

Therefore, to establish that his hearing was not full and fair, a petitioner must show that it was a "sham" because it had been subverted in some obvious and disturbing way.  Id. Federal court review of Fourth Amendment claims is limited to exploring for possible abuses of the hearing process.  Id. at 531-32.  Examples of such abuses would be "if the judge had his mind closed to the necessity of a hearing, or was bribed, or decided . . . that probable cause is not required [to make an arrest], or was sleepwalking . . . or in some other obvious way subverted the hearing."  Id. at 531.

Petitioner faults the trial court for not taking evidence at the hearing on his motion to suppress.  However, petitioner had the opportunity to present his claim.  Having reviewed both the trial and appellate court decisions in accordance with standard set forth in Cabrera, I am convinced that the courts gave petitioner's claim adequate and unbiased consideration and did not ignore petitioner's arguments relating to Morgan's authority to consent to the search his password-protected files.  At the 2003 motions hearing, the trial court expressly acknowledged petitioner's argument and gave him the opportunity to describe the evidence that he would produce if given the opportunity.  Petitioner responded only that he would call Morgan as a witness.  The trial court determined that her testimony was unnecessary because she had testified at the preliminary hearing that she owned the computer and consented to the search.  Although petitioner contends that the trial court erred in not allowing him to take testimony from Morgan, mere error is not enough.  The error must be

15

egregious and there must be other circumstances that imply refusal by the state judiciary to take seriously its obligation to adjudicate claims under the fourth amendment. <u>Hampton</u>, 296 F.3d at 564. Petitioner has not shown that this was the case.

Further, the court of appeals' decision shows that it gave thoughtful consideration to petitioner's arguments, recited the record evidence properly and applied the law to the facts. It made a reasonable determination that the trial court did not err in not taking evidence after petitioner failed to support his motion with a sufficient statement of facts. In sum, nothing in the record suggests that the state courts did not take their obligation of fair adjudication seriously.

Even assuming that the state courts erred in determining that an evidentiary hearing was unnecessary, that error was not so egregious as to call into question the integrity of the courts' decision making process. Petitioner has not identified any other circumstance to suggest that the state courts subverted the hearing process either in the run of cases or in his case. Further, as the court of appeals reasonably found, it would not have helped petitioner to prove that he had password-protected files or that Morgan did not have authority over the word-protected areas of her computer. The images used as evidence against him came from unallocated file space on the computer that was indisputedly owned by Morgan. Accordingly, petitioner is not entitled to federal habeas review of his claim.

16

ORDER

IT IS ORDERED that the motion of petitioner Robert Hicks for a stay of proceedings is DENIED.  FURTHER, IT IS ORDERED that respondent's motion to dismiss the petition is GRANTED.  The clerk of court is directed to enter judgment dismissing the petition and close this case.

Entered this 26th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

17